UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PASCUAL GOSSELIN,<br><br>          Plaintiff,<br><br>     vs.<br><br>J. TILTON, et al.,<br><br>          Defendants. | 1:10-cv-01974-GSA-PC<br><br>ORDER GRANTING PLAINTIFF'S REQUEST FOR ASSISTANCE WITH SERVICE<br>(Doc. 20.)<br><br>ORDER GRANTING PLAINTIFF LEAVE TO PROCEED IN FORMA PAUPERIS FOR LIMITED PURPOSE OF SERVICE OF PROCESS<br><br>ORDER DIRECTING SERVICE BY THE UNITED STATES MARSHALS SERVICE WITHOUT PREPAYMENT OF COSTS |

**I.     BACKGROUND**

Pascual Gosselin ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on October 12, 2010, at the Sacramento Division of the United States District Court for the Eastern District of California. (Doc. 1.)  On October 21, 2013, the case was transferred to the Fresno Division. (Doc. 3.)  This case now proceeds on the First Amended Complaint filed by Plaintiff on October 29, 2012, against defendants Adams, Hubach, Taber, and Latraille ("Defendants").  (Docs. 11, 12.)

Plaintiff is not proceeding in forma pauperis in this action, because he paid the $350.00 filing fee in full on November 8, 2010.  (Court Record.)   As a result, Plaintiff is not automatically entitled to the assistance of the United States Marshal ("Marshal") without cost

to serve process upon Defendants. 28 U.S.C. § 1915. On May 2, 2013, the court provided Plaintiff with documents and instructions to serve process himself. (Doc. 12.) On September 16, 2013, Plaintiff submitted proofs of service to the court as evidence that he had successfully served process upon defendants Taber and Adams, but not upon defendants Hubach and Latraille. (Doc. 20.) Plaintiff now requests assistance by the Marshal to serve process upon defendants Hubach and Latraille, or in the alternative, a court order for the California Attorney General to accept service on behalf of defendants Hubach and Latraille. (Id.)

Plaintiff's request for assistance with service of process by the Marshal is now before the court.

## II.     INDIGENCE, IN FORMA PAUPERIS STATUS, AND SERVICE

Under 28 U.S.C. § 1915, the court may authorize a party to proceed in forma pauperis, or without prepayment of fees, in an action or proceeding, if the party submits an affidavit showing the person is unable to pay such fees. 28 U.S.C. § 1915(a)(1). If such authorization is granted, the court may direct payment by the United States of certain expenses, and the United States Marshal is directed to serve all process in the case. 28 U.S.C. § 1915(c),(d). If such authorization is denied, the plaintiff is not automatically entitled to have the United States Marshal serve defendants. Fed. R. Civ. P. 4(c)(1). However, even if a plaintiff is not proceeding in forma pauperis, the court has discretion, at the plaintiff's request, to order that service be made by the United States Marshal. Fed. R. Civ. P. 4(c)(3).

**Plaintiff's Request**

Plaintiff requests a court order directing the Marshal to serve process upon defendants Hubach and Latraille, because despite his efforts, Plaintiff was unsuccessful at serving those two defendants. Plaintiff asserts that on August 20, 2013, he paid $140.00 to the Kings County Sheriff's Civil Division ("Sheriff") to serve process upon the four defendants to this action, Taber, Adams, Hubach, and Latraille. (Request, Doc. 10 at 2:1-3.) Plaintiff asserts that defendants Adams and Taber were successfully served, but the Sheriff was unable to serve defendants Hubach and Latraille because those two defendants no longer work at Corcoran State Prison and were unable to be found. (Id. at 2:10-14.) Plaintiff claims that both

defendants Hubach and Latraille are still employees of the California Department of Corrections and Rehabilitation and should be able to be located. (Id. at 2:15-17.) Plaintiff claims that both defendants are being represented by the California Attorney General's Office in other cases at this court. (Id. at 2:17-21.) Plaintiff has provided service documents to enable the Marshal to serve process upon defendants Hubach and Latraille. (Doc. 19.)

**III. DISCUSSION**

Plaintiff has explained his unsuccessful good faith efforts to serve process himself upon defendants Hubach and Latraille. Based on this explanation, Plaintiff's request for assistance by the Marshal to serve process shall be granted. Plaintiff shall be granted leave to proceed in forma pauperis for the limited purpose of service of process. Plaintiff has provided documentation to enable the Marshal to attempt service upon defendants Hubach and Latraille.

**IV. CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for assistance by the United States Marshals Service to serve process upon defendants Hubach and Latraille is GRANTED;

2. Plaintiff is GRANTED leave to proceed in forma pauperis for the limited purpose of service of process;

3. For each defendant to be served, the Clerk of the Court is directed to forward the following documents to the United States Marshals Service:

    (1) One completed and issued summons;
    (2) One completed USM-285 form;
    (3) One copy of the First Amended Complaint filed on October 29, 2012, plus an extra copy for the Marshals Service (Doc. 11.); and
    (4) One copy of this order, plus an extra copy for the Marshals Service.

4. Pursuant to Federal Rule of Civil Procedure 4(c), within ten days from the date of this order, the Marshals Service is directed to notify the following defendants of the commencement of this action and to request a waiver of service in accordance with the provisions of Fed. R. Civ. P. 4(d) and 28 U.S.C. § 566(c):

**LIEUTENANT R. HUBACH**

**SERGEANT D. LATRAILLE**

5. The Marshals Service shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.

6. If a waiver of service is not returned by a defendant within sixty days of the date of mailing the request for waiver, the Marshals Service shall:

   a. Personally serve process and a copy of this order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), and shall command all necessary assistance from the California Department of Corrections and Rehabilitation (CDCR) to execute this order. The Marshals Service shall maintain the confidentiality of all information provided by the CDCR pursuant to this order. **In executing this order, the Marshals Service shall contact the Legal Affairs Division of CDCR, if needed, and request the assistance of a Special Investigator if the Litigation Office at the institution is unable to assist in identifying and/or locating defendants**.[1]

   b. Within ten days after personal service is effected, the Marshals Service shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshals Service for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if

---

[1] The Marshal should note the explanation in this Order at pages 2-3 that the Kings County Sheriff previously attempted service upon defendants Hubach and Latraille at Corcoran State Prison, but service was unsuccessful because these two defendants no longer work at Corcoran State Prison. Plaintiff asserts that defendants Hubach and Latraille are still employees of the CDCR and therefore should be able to be located.

required.  Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2).

7. **If defendants waive service, they are required to return the signed waivers to the Marshals Service.  The filing of an answer or a responsive motion does not relieve defendants of this requirement, and the failure to return the signed waivers may subject defendants to an order to pay the costs of service pursuant to Fed. R. Civ. P. 4(d)(2).**

8. In the event that defendants either waive service or are personally served, defendants are required to reply to the complaint.  42 U.S.C. § 1997e(g)(2).

IT IS SO ORDERED.

Dated:   **September 25, 2013**              /s/ Gary S. Austin
                                   UNITED STATES MAGISTRATE JUDGE