UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PASCUAL GOSSELIN,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>J. TILTON, et al.,<br><br>　　　　　Defendants. | 1:10-cv-01974-GSA-PC<br><br>ORDER ADDRESSING PLAINTIFF'S REQUEST FOR CLARIFICATION<br>(Doc. 25.) |

**I.　　BACKGROUND**

　　　　Pascual Gosselin ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on October 12, 2010, at the Sacramento Division of the United States District Court for the Eastern District of California. (Doc. 1.) On October 21, 2013, the case was transferred to the Fresno Division. (Doc. 3.) This case now proceeds on the First Amended Complaint filed by Plaintiff on October 29, 2012, against defendants Adams, Hubach, Taber, and Latraille ("Defendants"). (Docs. 11, 12.)

　　　　On November 24, 2013, the court issued a Scheduling Order establishing pretrial deadlines for the parties. (Doc. 24.) On December 11, 2013, Plaintiff filed a request for clarification of the Scheduling Order. (Doc. 25.)

///

## II. PLAINTIFF'S REQUEST

Plaintiff seeks clarification of the court's finding in the Scheduling Order that Plaintiff commenced this action on October 12, 2012. Plaintiff asserts that he commenced this action, for purposes of the applicable statute of limitations, on October 1, 2010, because he signed the Complaint and mailed it to the court on October 1, 2010.

Plaintiff also reminds the court that service is still pending for defendants Hubach and Latraille. Plaintiff asserts that he has not received notice of service by the Marshal upon these defendants.

## III. COMMENCEMENT OF ACTION

### A. Legal Standard

Rule 3 of the Federal Rules of Civil Procedure provides that "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Ordinarily, for purposes of a statute of limitations, papers and pleadings are considered filed when they are placed in the possession of the Court. See Cintron v. Union Pacific R., 813 F.2d 917, 920 (9th Cir. 1987). However, some courts have found that a prisoner's § 1983 complaint commences, for purposes of the statute of limitations, when the prisoner places it in possession of the prison for mailing to the court. The Ninth Circuit held in Douglas v. Noelle that the mailbox rule of Houston v. Lack, under which a pro se prisoner's court filing is deemed filed at the time the prisoner delivers it to prison authorities for forwarding to the court clerk, applies to § 1983 suits filed by pro se prisoners. Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009); Houston v. Lack, 487 U.S. 266, 1107, 108 S.Ct. 2379 (1988). In Noelle, the plaintiff, an inmate in custody at the Oregon Snake River Correctional Facility, provided evidence that he had placed his complaint in the mailbox at the facility no later than November 30, 2004, whereas the complaint was not delivered to the district court until December 9, 2004. Noelle at 1106-07. The Ninth Circuit decided that the plaintiff had complied with "the constructive filing rule of Houston" when he deposited his complaint in the locked prison mailbox designated for legal mail and therefore, for purposes of the applicable statute of limitations, the plaintiff's case was commenced on November 30, 2004. (Id. at 1109.)

### B. Discussion

Here, a review of the court's docket for this case shows that Plaintiff's original Complaint was filed on October 12, 2010. (Court Docket.) The face page of the Complaint was stamped "Filed Oct. 12, 2010" by the Clerk of the Court, using the court's official date-stamp. (Doc. 1 at 1.) The court's Scheduling Order reflects that under Rule 3, this case was commenced by filing of the complaint on October 12, 2010.

The statute of limitations is an affirmative defense that normally may not be raised by the Court sua sponte. Franklin v. Murphy, 745 F.2d 1221, 1228-1230 (9th Cir. 1984). See Levald, Inc. v. City of Palm Desert, 988 F.2d 680, 686-87 (9th Cir. 1993). Here, defendants have not raised this affirmative defense. Thus, the issue of the statute of limitations in this case is not presently before the court, and no decision shall be made at this stage of the proceedings.

Finally, Plaintiff is advised that the court is aware of the status of service in this action. The United States Marshal shall provide Plaintiff with evidence in due time.

### IV. CONCLUSION

Accordingly, Plaintiff's request for clarification, filed on December 11, 2013, is HEREBY RESOLVED by this order.

IT IS SO ORDERED.

Dated:   **December 17, 2013**              **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE