UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PASQUAL GOSSELIN, | 1:10-cv-01974-GSA-PC |
| Plaintiff, | ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED, WITH PREJUDICE, FOR PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDER AND FAILURE TO PROSECUTE |
| vs. | |
| J. TILTON, et al., | |
| Defendants. | THIRTY-DAY DEADLINE FOR PLAINTIFF TO RESPOND |

Pasqual Gosselin ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. This action now proceeds on the First Amended Complaint filed by Plaintiff on December 29, 2012, against defendants R. Hubach, J. Tabor, and D. Latraille for adverse conditions of confinement, in violation of the Eighth Amendment; against defendants J. Tabor and D. Latraille for use of excessive force against Plaintiff, in violation of the Eighth Amendment; against defendant R. Hubach for failure to protect Plaintiff, in violation of the Eighth Amendment; and against defendant D. Adams for implementation of policy violating Plaintiff's rights under the Fourth Amendment and rights to privacy. (Doc. 11.)

The parties to this action have consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Docs. 6, 33.) Therefore, the undersigned shall conduct any and all proceedings in this case, including trial and entry of final judgment.

1

On February 17, 2015, Defendants filed a motion for summary judgment.  (Doc. 43.)  Under Local Rule 230(*l*), Plaintiff was required to file an opposition or a statement of non-opposition to the motion within twenty-one days.  L.R. 230(*l*).  On April 6, 2015, Plaintiff requested a sixty-day extension of time to respond to the motion for summary judgment, which was granted by the court on April 17, 2015.  (Docs. 47, 50.)  The sixty-day time period has now passed, and Plaintiff has not filed a response to the motion for summary judgment or otherwise responded to the court's April 17, 2015 order.

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since October 12, 2010.  Plaintiff's failure to file a response to Defendants' motion for summary judgment may reflect Plaintiff's disinterest in prosecuting this case.  In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not help himself by defending his case against summary judgment.  Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal."  Id. (citing Yourish at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to respond to Defendants' motion for summary judgment that is causing delay.  Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  The dismissal being

considered in this case is with prejudice, which is the harshest possible sanction.  However, the Court finds this sanction appropriate in light of the fact that five months have passed since Defendants filed their motion for summary judgment, and Plaintiff has yet to file an adequate response.  Given the stage of these proceedings, dismissal of the case without prejudice would prejudice Defendants who have spent considerable time and effort litigating this action, and have brought a motion for summary judgment which may result in resolution of this case on the merits.   Moreover, Plaintiff shall be granted an opportunity to show cause why the case should not be dismissed with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal.  Id. at 643.

///

## ORDER TO SHOW CAUSE

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1.     Within thirty days from the date of service of this order, Plaintiff is required to file a response in writing to this order, showing cause why this case should not be dismissed, with prejudice, for Plaintiff's failure to obey the court's order and failure to prosecute this action;

2.     Plaintiff's failure to comply with this order to show cause shall result in the dismissal of this case, with prejudice, without further notice.

IT IS SO ORDERED.

Dated:   __July 23, 2015__          _____ **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE

3